**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Levi Rianto,<br><br>Petitioner,<br><br>vs.<br><br>Eric Himpton Holder, Jr., et al.,<br><br>Respondents. | No. CV-11-0137-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1), respondents' response (doc. 9), petitioner's reply (doc. 10), the report and recommendation of the United States Magistrate Judge, recommending that the petition be granted (doc. 12), respondents' objection (doc. 13), and petitioner's reply (doc. 14).

Petitioner is currently being detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c) pending his removal. He was admitted to the United States as a lawful permanent resident on June 1, 1999. On September 9, 2002, he was convicted of two counts of unauthorized use of identification of another person in violation of 18 U.S.C. § 1028(a)(7), and two counts of mail fraud in violation of 18 U.S.C. § 1341. On January 11, 2006, he was convicted of second degree burglary, and on May 30, 2007, he was convicted of non-sufficient funds, both in violation of state law. He was last released from confinement in June 2007. On October 14, 2010, the Department of Homeland Security (the "government")

issued a notice to appear charging petitioner as removable under 8 U.S.C. § 1227(a)(2)(A)(iii). On November 8, 2010, the government modified the grounds of removability for petitioner's commission of the 2002 crimes involving moral turpitude within five years of his admission. See 8 U.S.C. § 1227(a)(2)(A)(i) and (ii). Petitioner has an appeal pending before the Board of Immigration Appeals (BIA) on the question of removability. He was taken into custody on October 14, 2010, pursuant to 8 U.S.C. § 1226(c) and remains detained pending removal.

Under 8 U.S.C. § 1226(c)(1)(B), Congress has mandated the detention of certain criminal aliens. "The Attorney General shall take into custody an alien who is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) . . . *when the alien is released*." (Emphasis added). Detention during removal proceedings serves the purpose of "preventing deportable criminal aliens from fleeing, . . . thus increasing the chance that, if ordered removed, the aliens will be successfully removed." Denmore v. Kim, 538 U.S. 510, 528, 123 S. Ct. 1708, 1720 (2003). However, even where detention is permissible, due process requires "adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." Casas-Castrillon v. Dept. of Homeland Sec., 535 F.3d 942, 950 (9th Cir. 2008) (quoting Zadvydas v. Davis, 533 U.S. 678, 690, 121 S. Ct. 2491, 2499 (2001)).

**Exhaustion**

The government first argues that we should decline to review petitioner's detention status because he failed to exhaust his administrative remedies. Petitioner did not appeal the immigration judge's decision finding that he was an alien subject to mandatory detention under 8 U.S.C. § 1226(c). The government argues that because petitioner's appeal to the BIA on the issue of removability is pending, his administrative remedies have not been exhausted. But that appeal relates to the issue of removability, not the issue of continued detention. These are two separate issues, on two separate tracks.

Administrative exhaustion can be either statutorily required or judicially imposed as

a matter of prudence. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003). "If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

28 U.S.C. § 2241 does not specifically require petitioners to exhaust direct appeals before seeking habeas relief. But courts have consistently required, as a prudential matter, that § 2241 habeas petitioners exhaust available administrative remedies. Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011). While courts have discretion to waive the prudential exhaustion requirement, "this discretion is not unfettered." Laing, 370 F.3d at 998. Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Noriega-Lopez, 335 F.3d at 881. Prudential exhaustion may be excused when irreparable injury may occur without immediate judicial relief, when an administrative appeal would be futile, or in certain instances where a plaintiff has raised a substantial constitutional question. Laing, 370 F.3d at 1000-01(quoting Beharry v. Ashcroft, 329 F.3d 51, 62 (2nd Cir. 2003)).

Here, petitioner failed to satisfy the prudential exhaustion requirement because he did not pursue his appeal of the immigration judge's detention decision to the BIA. We exercise our discretion to waive the exhaustion requirement and reach the merits of petitioner's claim. First, development of an administrative record would not assist in the resolution of this purely legal question involving statutory interpretation. Second, irreparable injury may occur in the form of a prolonged, unauthorized detention. Third, administrative review would not obviate the need for judicial review because the parties would likely seek this court's review regardless of the decision by the BIA. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Given these circumstances, and the fact that petitioner has already been detained for almost a year without an individualized bond hearing, we conclude that the interests of

justice favor waiver.

## **Merits**

Petitioner contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because he was not taken into immigration custody immediately upon his release from criminal custody as required by the express language of the statute. Petitioner was released from custody for the crimes found as the basis for removability in 2003, seven years before being taken into custody pursuant to § 1226(c).

8 U.S.C. § 1226(c) requires the Attorney General to take certain criminal aliens into custody "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation." The vast majority of district courts to have considered the issue have concluded that § 1226(c) does not apply to aliens who have been taken into immigration custody several months or several years after they have been released from state custody. See Bromfield v. Clark, 2007 WL 527511 (W.D. Wash. Feb. 14, 2007) (collecting cases). For example, in Waffi v. Loiselle, 527 F. Supp. 2d 480, 488 (E. D. Va. 2007), the court aptly explained that the term "when the alien is released" implies a certain "immediacy," referring to "action or activity occurring 'at the time that' or 'as soon as' other action has ceased or begun." We agree that to assume that "'when the alien is released' means 'any time after the alien is released,' perverts the plain language of the statute." Oscar v. Gillen, 595 F. Supp. 2d 166, 169 (D. Mass. 2009).

Therefore, we conclude that, because petitioner was not taken into custody until seven years after he was released from custody for the crimes found as the basis for removability, mandatory detention under § 1226(c) is not authorized.[1]

Therefore, **IT IS ORDERED ACCEPTING** the United States Magistrate Judge's recommendation that the petition for writ of habeas corpus be granted (doc. 12).

**IT IS ORDERED GRANTING** petitioner's motion for ruling (doc. 15), and

---

[1] Even if we considered petitioner's 2007 release from custody the relevant release date, we would nevertheless conclude that a three-year delay does not fit within the plain meaning of "when the alien is released."

- 4 -

1 **GRANTING** the petition for writ of habeas corpus (doc. 1). It is further ordered that the
2 government will either release petitioner from custody under an order of supervision, or,
3 within 60 days from the entry of this order, afford petitioner an individualized bond hearing
4 before an immigration judge with authority to grant him bail unless the government
5 establishes that he is a flight risk or a danger to the community.

DATED this 9th day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge